| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| *Caption in Compliance with D.N.J. LBR 9004-1(b)* <br> **FOX ROTHSCHILD LLP** <br> Joseph J. DiPasquale, Esquire <br> Michael J. Viscount, Jr., Esquire <br> Martha B. Chovanes, Esquire <br> 1301 Atlantic Avenue <br> Midtown Building, Suite 400 <br> Atlantic City, NJ 08401 <br> Telephone: (609) 572-2227 <br> Facsimile: (609) 348-6834 <br> E-mail:  jdipasquale@foxrothschild.com <br>         mviscount@foxrothschild.com <br>         mchovanes@foxrothschild.com <br><br> *Counsel to the Official Committee of Unsecured Creditors* | |
| In re: <br><br> ALUMINUM SHAPES, L.L.C., <br><br>                 Debtor. | Chapter 11 <br><br> Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C., <br><br>                 Plaintiff, <br><br>    v. <br><br> EULER HERMES NORTH AMERICA INSURANCE CO., subrogee of NORTHEAST METAL TRADERS, INC., <br><br>                 Defendant. | Adv. Pro No.  21-01469-JNP <br><br> Hearing Date: May 24, 2022 <br><br> Hearing time:  11:00 am |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER APPROVING THE SETTLEMENT BY AND BETWEEN THE COMMITTEE AND EULER HERMES**

The Official Committee of Unsecured Creditors (the "Committee") of Aluminum Shapes, L.L.C. (the "Debtor") by and through its counsel, Fox Rothschild LLP, has filed a motion with the Court to Approve the Settlement by and between Euler Hermes North America Insurance Co., subrogee of Northeast Metal Traders, Inc. ("Euler") and the Committee (the "Motion").

## I.     PRELIMINARY STATEMENT

Pursuant to a stipulation between the Debtor and the Committee dated November 8, 2021, the Debtor granted the Committee standing to file this adversary proceeding on behalf of the Debtor's estate against Euler. The Committee instituted this adversary proceeding on November 9, 2021, against Euler, seeking avoidance of any asserted lien pursuant to 11 U.S.C. §§ 506(d) and 544, a determination that the claim filed by Euler against the Debtor's estate is an unsecured claim pursuant to 11 U.S.C. § 506(a)(1), and related relief. The Committee has now reached an agreement to settle the causes of action against Euler. The settlement was the result of hours of negotiations and lengthy analysis by the parties to the settlement. The settlement contemplated by the executed settlement agreement, dated March 28, 2022, (the "Settlement Agreement") which will resolve with certainty the claims against Euler and provide a benefit for the Debtor's estate, which was otherwise uncertain. A true and correct copy of the proposed Settlement Agreement is attached as **Exhibit "A"** hereto. The Settlement Agreement reached by the Committee and Euler falls within the range of reasonableness and is fair and in the best interest of the Debtor's estate.

## II.    JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

2. The statutory basis for the relief requested herein is Fed. R. Bankr. P. 9019 and 11 U.S.C. § 105(a).

### III. BACKGROUND

3. The Debtor was an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, inter alia, the swimming pool, trucking, trailer, and outdoor storage industries.

#### A. The Debtor's Bankruptcy

4. On August 15, 2021, the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ *et seq.* (the "Bankruptcy Code") in the District of New Jersey, Camden Vicinage (the "Bankruptcy Court").

5. The Debtor continues to manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No request has been made for the appointment of a trustee or examiner.

7. The Official Committee of Unsecured Creditors was appointed by the United States Trustee.

#### B. The Present Adversary Proceeding

8. Euler is an insurance company authorized to issue policies of insurance in New Jersey.

9. Euler was the underwriter for its insured, Northeast Metal Traders, Inc. ("Northeast Metal").

10. Northeast Metal provides customized collection services for scrap recycling needs.

11. Prior to the Petition Date, the Debtor contracted with Northeast Metal to collect scrap pieces of aluminum. The Debtor, however, did not pay Northeast Metal for its services.

12. In October 2019, Northeast Metal sustained a loss under its insurance policy with Euler, and Euler paid for the loss. Because of Euler's payment, Euler became subrogated to the rights and causes of action of its insured, Northeast Metal.

13. On October 20, 2020, Euler initiated a collections action in the New Jersey Superior Court, Camden County, Docket No. CAM-L-003551-20, for all sums alleged to be due and owing on the underlying debt, together with interest and costs (the "Pre-Petition Action").

14. On May 3, 2021, a judgment was entered in the Pre-Petition Action in favor of Euler and against the Debtor in the amount of $184,195.37 (the "Judgment").

15. The Judgment was entered on the civil judgment and order docket on May 28, 2021.

16. Pursuant to New Jersey law, upon its entry, the Judgment automatically became a lien against all real property in the State of New Jersey currently owned or thereafter acquired by the Debtor (the "Lien" and together with the Judgment, the "Claim").

17. After entry of the Judgment, Euler failed to take any steps to execute upon or otherwise perfect the Judgment and the Lien.

18. On October 19, 2021, Euler filed a proof of claim against the Debtor's Bankruptcy estate (the "POC #5"). The POC #5 asserts an unsecured claim for $172,876.78, and the supporting documentation shows this claim is exactly the same principal amount and for the same charges to Northeast Metal adjudicated by the Judgment.

19. On November 9, 2021, the Debtor initiated the instant adversary proceeding against Euler, objecting to the POC #5 pursuant to 11 U.S.C. § 502(d), seeking avoidance of any asserted lien pursuant to 11 U.S.C. §§ 506(a)(1), 506(d), 544, and 547, and related relief (the "Adversary Proceeding").

132614371.2

     **C.**    **The Settlement with Euler**

20. The Committee, Euler, and their respective counsel engaged in settlement negotiations following the filing of the instant adversary proceeding.

21. Euler acknowledges that it received good and proper service of the complaint in the instant adversary proceeding.

22. Euler has agreed and consented to the Claim becoming an unsecured claim against the Debtor's estate.

23. Euler and the Committee desire to enter into this Stipulation to resolve this matter without further litigation.

24. The Committee and Euler entered into the Settlement Agreement on March 28, 2022.

25. The Committee and Euler have spent significant time analyzing their respective positions and have concluded that a resolution of the Committee's claims against Euler, short of potentially protracted litigation, best serves the interests of the Debtor's bankruptcy estate, Euler, and the Debtor's creditors.

26. Though the Committee believes that it would prevail on the claims against Euler, the Committee wishes to settle the claims, in order to save both itself and Euler time and money that would otherwise be spent on litigation of the claims.

27. The Settlement Agreement ensures a benefit to the Debtor and the Debtor's estate.

28. The Committee and Euler have negotiated the proposed Settlement Agreement in good faith. By this Motion the Committee seeks authorization to settle and compromise the claims set forth in the Settlement Agreement.

132614371.2

29. The Committee and Euler have executed the Settlement Agreement and set forth all material terms before this Court.

**D.     Terms of the Settlement Agreement**

30. The terms and conditions of the Settlement Agreement provide, *inter alia*, as follows:

A. The background, as stated above in paragraphs one (1) through sixteen (16) [of the Settlement Agreement] is hereby incorporated into the terms of this Stipulation.

B. On or within three (3) business days of the execution and delivery of this Stipulation, the Committee shall file a motion with the Bankruptcy Court for an order approving this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") and other applicable bankruptcy law (the "Settlement Motion"). This Stipulation shall be evidenced and implemented by this Stipulation of Settlement, the Settlement Motion, and the Final Order (defined below) approving this Stipulation.

C. "Final Order" shall mean an order approving the Stipulation entered by the Bankruptcy Court that is unstayed and has become final and non-appealable. The "Settlement Effective Date" is a date upon which the order approving this Stipulation becomes a Final Order.

D. In exchange for the dismissal of the Adversary Proceeding with prejudice and without costs, the Parties hereby agree, and the Final Order shall state:

(1) POC #5 will be allowed and treated as a general unsecured claim in the amount of $172,876.78, pursuant to 11 U.S.C. § 506(a)(1);

(2) No portion of POC #5 will be allowed or treated as a secured claim. The entire claim will be allowed and treated as a general unsecured claim in the amount of $172,876.78;

(3) POC #5 is hereby deemed an allowed general unsecured claim in the amount of $172,876.78 without the necessity of filing an amended proof of claim;

6

132614371.2

    (4) Any Judgment and any lien asserted by Euler are hereby avoided pursuant to 11 U.S.C. §§ 502(d), 506(a)(1), 506(d), 544, and 547; and

    (5) The instant Adversary Proceeding shall be dismissed with prejudice and without costs.

   E. The terms of this Stipulation are subject to approval of the Bankruptcy Court. If the Final Order is not entered, this Stipulation is null and void.

31. The summary herein of the terms is intended as a summary only, and all parties in interest are encouraged to read the Settlement Agreement. See **Exhibit "A"** attached hereto.

32. To the extent that there are any discrepancies between the summary contained herein and the terms contained in the Settlement Agreement, the terms of the Settlement Agreement shall control.

33. The Settlement Agreement is an arms' length, good faith, and reasoned resolution of the disputes between the Committee and Euler. Accordingly, the Committee seeks approval of the Stipulation under Federal Rule of Bankruptcy Procedure 9019 and §105 of the Bankruptcy Code. See Certification of Jordan Meyers in Support of Motion.

## IV. LEGAL ARGUMENT & REQUESTED RELIEF

34. Federal Rule of Bankruptcy Procedure 9019(a) provides "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019.

35. "The decision to approve or disapprove a settlement is within the sound discretion of the bankruptcy judge." See In re Martin, 91 F.3d 389, 393 (3d Cir. 1996).

36. The Committee seeks approval, pursuant to § 105 of the Bankruptcy Code and Fed. R. Bankr. P. 9019, of the settlement of the claims by and between the Committee and Euler as set forth in the Settlement Agreement.

37. In <u>Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968), the Supreme Court instructed as to those factors to be considered in determining whether to approve a settlement. The factors outlined by the Supreme Court in <u>Anderson</u> have been uniformly summarized as follows:

    A. the probability of success in the litigation;

    B. the complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it;

    C. the difficulties, if any, to be encountered in the matter of collection; and

    D. the paramount interest of the creditors.

<u>See</u> <u>Martin</u>, 91 F.3d at 393 (3d Cir. 1996); <u>In re Marvel Entm't Group, Inc.</u>, 222 B.R. 243, 249 (D. Del. 1998); <u>In re Louise's, Inc.</u>, 211 B.R. 798, 801 (D. Del. 1997); <u>In re Pa. Truck Lines, Inc.</u>, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); <u>In re Grant Broad. of Philadelphia, Inc.</u>, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987).

38. Bankruptcy Rule 9019 authorizes this Court to approve the Settlement Agreement entered into by and between the Committee and Euler.

39. The decision whether to accept or reject a compromise is committed to the sound discretion of the Bankruptcy Court, "which must determine if the compromise is fair, reasonable, and in the interest of the estate." <u>See</u> <u>Louise's</u>, 211 B.R. at 801; <u>see also</u> <u>In re Neshaminy Office Bldg. Assocs.</u>, 62 B.R. 798, 803 (E.D. Pa. 1986).

132614371.2

40. The settlement need not be the best that the debtor could have achieved, but must only fall "within the reasonable range of litigation possibilities." See In re Penn Cent. Transp. Co., 596 F.2d 1102, 1114 (3d Cir. 1979).

41. In making its determination, a court is not to substitute its own judgment for that of the debtor. See Neshaminy Office Bldg., 63 B.R. at 803.

42. Moreover, it is not necessary for the court to conduct a truncated trial of the facts of the merits underlying the dispute. See Grant Broad., 71 B.R. at 396; see also In re A&C Prop., 784 F.2d 1377, 1384 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986).

43. Rather, the court need only "canvass the issues to see whether the settlement fall[s] below the lowest point in the range of reasonableness." See Neshaminy Office Bldg., 62 B.R. at 803, quoting In re W.T. Grant Co., 4 B.R. 53, 69 (S.D.N.Y. 1977).

44. The settlement reached by the Committee clearly falls within the range of reasonableness for purposes of satisfying Rule 9019 criteria. In the present case, the Settlement Agreement is fair, reasonable, and in the best interest of the Debtor's estate. See Certification of Jordan Meyers in Support of Motion.

45. Absent the settlement, litigation against Euler would be costly and time-consuming for both the Debtor's estate and Euler. There are also uncertainties in connection with future litigation, including the potential for appeals, which could delay the final determination of the claims against Euler for a significant period of time.

46. The Committee and Euler spent many hours in negotiations and reviewed numerous documents in order to resolve all issues between them.

47. The Settlement Agreement resolves the claims in the instant adversary proceeding between the Committee and Euler with certainty.

48. The settlement falls within a reasonable range of litigation possibilities.

49. In exercising its business judgment, the Committee has determined that the settlement is in the best interest of the Debtor's estate and its creditors and that the uncertainly of continued motion practice and trial will increase the burdens on the Debtor's estate. Id.

50. The Bankruptcy Court need only canvas the issues between the Committee and Euler to determine that the settlement does not fall below the lowest point in the range of reasonableness, and that the Settlement Agreement should be approved pursuant to Rule 9019 and Section 105 of the Bankruptcy Code.

## V.    CONCLUSION

**WHEREFORE**, the Committee respectfully requests that the Court enter an order in the form attached approving the Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019, permitting the Committee to execute same and to proceed to effectuate same, including the granting of any releases, and providing such other and further relief as the Court deems just and equitable.

Dated: April 20, 2022    By:    /s/ Joseph J. DiPasquale
        Joseph J. DiPasquale, Esquire
        Michael J. Viscount, Jr., Esquire
        Martha B. Chovanes, Esquire
        FOX ROTHSCHILD, LLP
        1301 Atlantic Avenue
        Midtown Building, Suite 400
        Atlantic City, NJ 08401
        Telephone: (609) 572-2227
        Facsimile: (609) 348-6834
        E-mail: jdipasquale@foxrothschild.com
        mviscount@foxrothschild.com
        mchovanes@foxrothschild.com
        *Counsel to Official Committee of Unsecured Creditors*

132614371.2