# EXHIBIT A

108765474.v1

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| *Caption in Compliance with D.N.J. LBR 9004-1(b)*<br>**FOX ROTHSCHILD LLP**<br>Joseph J. DiPasquale, Esquire<br>Michael J. Viscount, Jr., Esquire<br>Martha B. Chovanes, Esquire<br>1301 Atlantic Avenue<br>Midtown Building, Suite 400<br>Atlantic City, NJ 08401<br>Telephone: (609) 572-2227<br>Facsimile: (609) 348-6834<br>E-mail:  jdipasquale@foxrothschild.com<br>         mviscount@foxrothschild.com<br>         mchovanes@foxrothschild.com<br><br>*Counsel to the Official Committee of Unsecured*<br>*Creditors of Aluminum Shapes L.L.C.* | |
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                        Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C.,<br><br>                        Plaintiff,<br><br>v.<br><br>EULER HERMES NORTH AMERICA INSURANCE CO., subrogee of NORTHEAST METAL TRADERS, INC.<br>                        Defendant. | ADV. PRO. NO.<br>21-01469-JNP |

## STIPULATION OF SETTLEMENT

THIS STIPULATION OF SETTLEMENT (the "Stipulation") is entered into on this 28th day of March, 2022 (the "Effective Date") by and between Euler Hermes North America Insurance Co., subrogee of Northeast Metal Traders, Inc. ("Defendant" or "Euler") and the Official Committee of

1

Unsecured Creditors ("Plaintiff" or "Committee") of Aluminum Shapes, L.L.C. (the "Debtor").

## BACKGROUND

1. The Debtor was an industry leader in the fabrication, processing, and extruding of aluminum metals for use in, *inter alia*, the swimming pool, trucking, trailer, and outdoor storage industries.

2. On August 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the District of New Jersey, Camden Vicinage (the "Bankruptcy Court").

3. The Committee is the Plaintiff in the instant adversary proceeding.

4. Euler is an insurance company authorized to issue policies of insurance in New Jersey.

5. Euler was the underwriter for its insured, Northeast Metal Traders, Inc. ("Northeast Metals").

6. Northeast Metals provides customized collection services for scrap recycling needs.

7. The Debtor contracted with Northeast Metal to collect scrap pieces of aluminum. The Debtor, however, did not pay Northeast Metal for its services.

8. In October 2019, Northeast Metal sustained a loss under its insurance policy with Euler, and Euler paid for the loss. Because of Euler's payment, Euler became subrogated to the rights and causes of action of its insured, Northeast Metal.

9. On October 20, 2020, Euler initiated a collections action in the New Jersey Superior Court, Camden County, Docket No. CAM-L-003551-20, for all sums alleged to be due and owing on the underlying debt, together with interest and costs (the "Pre-Petition Action").

10. On May 3, 2021, a judgment was entered in the Pre-Petition Action in favor of Euler and against the Debtor in the amount of $184,195.37 (the "Judgment").

11. The Judgment was entered on the civil judgment and order docket on May 28, 2021.

12. Pursuant to New Jersey law, upon its entry, the Judgment automatically became a lien against all real property in the State of New Jersey currently owned or thereafter acquired by the Debtor (the "Lien" and together with the Judgment, the "Claim").

13. After entry of the Judgment, Euler failed to take any steps to execute upon or otherwise perfect the Judgment and the Lien. On October 19, 2021, Euler filed a proof of claim against the Debtor's Bankruptcy estate ("POC #5"). The POC #5 asserts an unsecured claim for $172,876.78, and the supporting documentation shows this claim is for exactly the same principal amount and for the same charges to Northeast Metals adjudicated by the Judgment.

14. On November 9, 2021, the Debtor initiated the instant adversary proceeding against Euler, objecting to the POC #5 pursuant to 11 U.S.C. § 502(d), seeking avoidance of any asserted lien pursuant to 11 U.S.C. §§ 544 and 547, a determination that POC #5 is an unsecured claim pursuant to 11 U.S.C. § 506(a)(1), a stripping of any lien to the extent that there was one pursuant to 11 U.S.C. § 506(d), and related relief (the "Adversary Proceeding").

15. Euler acknowledges that it received good and proper service of the complaint in the instant adversary proceeding.

16. The Committee and Euler desire to enter into this Stipulation to resolve this matter without further litigation.

**NOW THEREFORE**, for good and valuable consideration and intending to be legally bound hereby, the Committee and Euler agree as follows:

A. The background, as stated above in paragraphs one (1) through sixteen (16) is hereby

3

incorporated into the terms of this Stipulation.

B.   On or within three (3) business days of the execution and delivery of this Stipulation, the Committee shall file a motion with the Bankruptcy Court for an order approving this Stipulation pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") and other applicable bankruptcy law (the "Settlement Motion"). This Stipulation shall be evidenced and implemented by this Stipulation of Settlement, the Settlement Motion, and the Final Order (defined below) approving this Stipulation.

C.   "Final Order" shall mean an order approving the Stipulation entered by the Bankruptcy Court that is unstayed and has become final and non-appealable. The "Settlement Effective Date" is a date upon which the order approving this Stipulation becomes a Final Order.

D.   In exchange for the dismissal of the Adversary Proceeding with prejudice and without costs, the parties hereby agree, and the Final Order shall state:

(1)   POC #5 will be allowed and treated as a general unsecured claim in the amount of $172,876.78, pursuant to 11 U.S.C. § 506(a)(l);

(2)   No portion of POC #5 will be allowed or treated as a secured claim. The entire claim will be allowed and treated as a general unsecured claim in the amount of $172,876.78;

(3)   POC #5 is hereby deemed an allowed general unsecured claim in the amount of $172,876.78 without the necessity of filing an amended proof of claim;

(4)   The Judgment and any Lien asserted by Euler are hereby avoided pursuant to 11 U.S.C. §§ 502(d), 506(a)(l), 506(d), 544, and 547; and

(5)   The instant Adversary Proceeding shall be dismissed with prejudice and without costs.

E.  The terms of this Stipulation are subject to approval of the Bankruptcy Court. If the Final Order is not entered, this Stipulation is null and void.

F.  This Stipulation may be executed in counterparts, each of which shall be an original and all of which when taken together shall constitute a single agreement with the same effect as if the signatures thereto and hereto were upon the same instrument.

G.  The parties declare, represent, and warrant (a) they have authority to enter into this Stipulation; (b) the undersigned are authorized to act on their behalf; (c) all legal requirements for their signatures have been satisfied; and (d) they have complete power and authority to release the claims released herein.

H.  This Stipulation shall inure to the benefit of, and shall be binding upon Euler and the Committee and each of their respective stockholders, directors, officers, employees, assigns, successors, affiliates, successors, subsidiaries, controlling and controlled corporations, representatives, insurers, and successors in interest.

I.  This Stipulation shall remain effective in the event that this bankruptcy case is converted to another chapter of the Bankruptcy Code, a trustee is appointed, or a plan is confirmed appointing a trustee of the like.

J.  This Stipulation was drafted mutually and cooperatively by the parties and shall be construed in such light.

K.  This Stipulation constitutes the entire agreement among the parties hereto with respect to the subject matter hereof.

IN WITNESS WHEREOF and intending to be legally bound hereby, the parties have hereunto set their hands and seals as of the Effective Date.

EULER HERMES

By: ___[signature]___
Brian Blake,
Assistant Vice President, Assistant Secretary
& Associate Regional Legal Counsel, Americas
Region for Defendant, Euler Hermes

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS

By: ___[signature]___
Ajay Raju, Chairperson

6