| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>***Caption in Compliance with D.N.J. LBR 9004-1(b)***<br>**FOX ROTHSCHILD LLP**<br>Joseph J. DiPasquale, Esquire<br>Michael J. Viscount, Jr., Esquire<br>Martha B. Chovanes, Esquire<br>1301 Atlantic Avenue<br>Midtown Building, Suite 400<br>Atlantic City, NJ 08401<br>Telephone: (609) 572-2227<br>Facsimile: (609) 348-6834<br>E-mail:  jdipasquale@foxrothschild.com<br>      mviscount@foxrothschild.com<br>      mchovanes@foxrothschild.com<br><br>*Counsel to the Official Committee of Unsecured Creditors* | |
| In re:<br><br>ALUMINUM SHAPES, L.L.C.,<br><br>                    Debtor. | Chapter 11<br><br>Case No. 21-16520-JNP |
| ALUMINUM SHAPES, L.L.C.,<br><br>                    Plaintiff,<br><br>     v.<br><br><br>EULER HERMES NORTH AMERICA INSURANCE CO., subrogee of NORTHEAST METAL TRADERS, INC.,<br><br>                    Defendant. | Adv Pro. No. 21-01469-JNP |

**CERTIFICATION OF JORDAN MEYERS IN SUPPORT OF THE MOTION**
**OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER**
**APPROVING THE SETTLEMENT BY AND BETWEEN**
<u>**THE COMMITTEE AND EULER HERMES**</u>

1

132609661.1

I, Jordan Meyers, am the Interim Chief Financial Officer of the debtor and debtor in possession in the above-captioned matter, Aluminum Shapes, L.L.C. (the "Debtor"), and I have personal knowledge of the facts stated below, and I am authorized to make the following statements:

1.      The Official Committee of Unsecured Creditors (the "Committee") of the Debtor is the Plaintiff in the instant adversary proceeding.

2.      Euler Hermes North America Insurance Co., subrogee of Northeast Metal Traders, Inc. ("Euler") is an insurance company authorized to issue policies of insurance in New Jersey.

3.      Euler was the underwriter for its insured, Northeast Metal Traders, Inc ("Northeast Metal").

4.      Northeast Metal provides customized collection services for scrap recycling needs.

5.      The Debtor contracted with Northeast Metal to collect scrap pieces of aluminum. The Debtor, however, did not pay Northeast Metal for its services.

6.      In October 2019, Northeast Metal sustained a loss under its insurance policy with Euler, and Euler paid for the loss.  Because of Euler's payment, Euler became subrogated to the rights and causes of action of its insured, Northeast Metal.

7.      On October 20, 2020, Euler initiated a collections action in the New Jersey Superior Court, Camden County, Docket No. CAM- L-003551-20, for all sums alleged to be due and owing on the underlying debt, together with interest and costs (the "Pre-Petition Action").

8.      On May 3, 2021, a judgment was entered in the Pre-Petition Action in favor of Euler and against the Debtor in the amount of $184,195.37 (the "Judgment").

9.      The Judgment was entered on the civil judgment and order docket on May 28, 2021.

132609661.1

10.     Pursuant to New Jersey law, upon its entry, the Judgment automatically became a lien against all real property in the State of New Jersey currently owned or thereafter acquired by the Debtor (the "Lien" and together with the Judgment, the "Claim").

11.     After entry of the Judgment, Euler failed to take any steps to execute upon or otherwise perfect the Judgment and the Lien.

12.     On October 19, 2021, Euler filed a proof of claim against the Debtor's Bankruptcy estate (the "POC #5") asserting an unsecured claim for $172,876.78, and the supporting documentation shows this claim is for exactly the same principal amount and for the same charges to Northeast Metal adjudicated by the Judgment.

13.     On November 9, 2021, the Committee initiated the instant adversary proceeding against Euler, seeking avoidance of any asserted lien pursuant to 11 U.S.C. §§ 502(d), 506(a)(1), 506(d), 544, and 547, and related relief.

14.     I have reviewed the settlement contemplated by the executed Settlement Agreement by and between Euler and the Committee, dated March 28, 2022, (the "Settlement Agreement"); and the Settlement Agreement will resolve with certainty the claims against Euler and provide a recovery for the Debtor's estate, which was otherwise uncertain. A true and correct copy of the proposed Settlement Agreement is attached as **Exhibit "A"** to the Committee's Motion to approve the Settlement Agreement by and between the Committee and Euler (the "Motion").

15.     I believe that the Committee and Euler have negotiated the proposed Settlement Agreement in good faith; and it is my understanding that by this Motion the Committee seeks authorization to settle and compromise the claims set forth in the Settlement Agreement.

16.     I believe the Settlement Agreement is an arms' length and reasoned resolution of the disputes between the Committee and Euler.

132609661.1

17.    The Settlement Agreement ensures a benefit to the Debtor and the Debtor's estate.

18.    The Settlement Agreement is in the best interests of the Debtor, the Debtor's bankruptcy estate, the Debtor's creditors.

I certify under penalty of perjury that the above statements made by me are true and correct to the best of my knowledge.  I am aware that if any of the foregoing statements made by me are incorrect, I am subject to punishment.


    _/s/Jordan Meyers_____
    Jordan Meyers
    Interim Chief Financial Officer
    Aluminum Shapes, L.L.C.

Dated: April 4, 2022

132609661.1